UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MICHAEL J. DAVIS,

     Plaintiff,

v.                                                                  Case No.  5:25-cv-281-MW-MJF

T. RATLIFF, *et al.*,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se*, filed an amended civil rights complaint in which he asserts that three employees of the Florida Department of Corrections violated the Eighth and Fourteenth Amendments. Doc. 12. Because Plaintiff fails to state a claim on which relief can be granted, the District Court should dismiss this civil action.

### BACKGROUND

**A.    Plaintiff's Initial Complaint**

On September 24, 2025, Plaintiff commenced this civil action against three employees of the Florida Department of Corrections: Captain T. Ratliff, Officer T. Haire, and Officer W. Brown. Doc. 1. The undesigned conducted the requisite screening of Plaintiff's complaint.

Because Plaintiff failed to state a claim, the undersigned afforded Plaintiff an opportunity to amend his complaint. Doc. 11.

## B.    Plaintiff's Amended Complaint

On March 9, 2026, Plaintiff filed an amended complaint. Doc. 12. Plaintiff's amended complaint consists of two factual allegations:

- "[o]n May 30, 2025, at 8:30 am Michael Davis was put on property restriction ("property"), no blue uniforms, no socks. Only boxer in a 60 degrees AC unit, and without food (air tray)."

- "my law work, pictures, motion was all thrown away and Sergeant T. Haire is responsible."

*Id.* at 5.

In the "Statement of Claims" section, Plaintiff states that he asserts an Eighth-Amendment claim and a Fourteenth-Amendment claim. *Id.* at 7. Although Plaintiff states his due process claim is against T. Haire, Plaintiff does not specify the particular Defendant(s) against whom he asserts the Eighth Amendment claim. *Id.* at 6–7.

### STANDARD

The District Court is required to review Plaintiff's complaint, identify cognizable claims and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a

claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)–(b); *see also* 28 U.S.C. § 1915(e)(2)(B) (applying the same standard to *in forma pauperis* proceedings). Determining whether a complaint states a claim upon which relief can be granted is governed by the standard set forth in Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(b)(6); *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

**DISCUSSION**

**A.     Plaintiff Fails to State a Due-Process Claim Against T. Haire**

Plaintiff asserts that T. Haire violated the Fourteenth Amendment when Haire discarded Plaintiff's property. Doc. 12 at 6.

The Due Process Clause of the Fourteenth Amendment prohibits deprivations of property "without due process of law." U.S. Const. amend. XIV, § 1. To state a claim for a denial of due process, a plaintiff must allege:

Page 3 of 10

(1) a deprivation of a constitutionally-protected property interest;

(2) state action; and

(3) constitutionally-inadequate process.

*Cryder v. Oxendine*, 24 F.3d 175, 177 (11th Cir. 1994); *see Catron v. City of St. Petersburg*, 658 F.3d 1260, 1266 (11th Cir. 2011)*; Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003).

As to the third element, when a state official was not acting pursuant to any established state procedure, but rather was engaging in a "random, unauthorized" act, the State is not required to provide pre-deprivation process. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984). The Due Process Clause is satisfied if the state provides sufficient post-deprivation process. *Parratt v. Taylor*, 451 U.S. 527, 543–44 (1984).

Florida law provides an adequate post-deprivation remedy for theft of inmate property by prison guards.  Inmates may file a tort action in state court to recover damages for destruction of property. *See* Fla. Stat. § 768.28(1); *Case v. Eslinger*, 555 F.3d 1317, 1331 (11th Cir. 2009).

The existence of a private cause of action under Florida law provides Plaintiff with a meaningful post-deprivation remedy to challenge the loss of property caused by prison guards. *Case*, 555 F.3d at

1331; *see Loor v. Bailey*, 708 F. App'x 992, 994–95 (11th Cir. 2017); *Smith v. Israel*, 619 F. App'x 839, 842 (11th Cir. 2015). Plaintiff, therefore, has failed to state a claim under the Fourteenth Amendment.

**B.      Plaintiff Fails to State a Condition-of-Confinement Claim**

An Eighth-Amendment conditions-of-confinement claim entails three elements:

(1) the plaintiff endured conditions that were sufficiently serious to violate the Eighth Amendment;

(2) the defendant acted with a sufficiently culpable state of mind with regard to the conditions at issue; and

(3) there is a causal connection between the defendant's conduct and the alleged constitutional injury.

*Saunders v. Sheriff of Brevard Cnty.*, 735 F. App'x 559, 564 (11th Cir. 2018); *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004).

**1.      *Plaintiff Fails to Allege Serious Conditions***

In determining whether conditions were "sufficiently serious," "only those deprivations denying the minimal civilized measure of life's necessities" violate the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (internal quotation marks omitted). "[A] prisoner's mere

discomfort, without more, does not offend the Eighth Amendment." *Chandler*, 379 F.3d at 1295. "[T]he challenged condition must be 'extreme,'" and at the very least must pose "'an unreasonable risk of serious damage to [the prisoner's] future health' or safety." *Id.* at 1289 (quoting *Helling v. McKinney*, 509 U.S. 25, 35 (1993)). "Restrictive" and "even harsh" prison conditions simply "are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

### (a).  The Clothing Restriction

Here, Plaintiff alleges that on May 30, 2025, he was placed on property restriction, which entailed being confined in a cell while wearing only underwear. But Plaintiff does not allege the duration of the restriction.

Plaintiff's paltry allegations are insufficient to state a claim. Federal courts routinely hold that mere confinement "without clothing (other than boxers), bedding, or hygienic materials for 72 hours . . . is not the type of extreme prison conditions that create a substantial risk of serious harm." *Woodson v. Whitehead*, 673 F. App'x 931, 932 (11th Cir. 2016); *O'Connor v. Kelley*, 644 F. App'x 928, 932 (11th Cir. 2016)

(prisoner's placement on strip-cell status for longer than 72 hours during January in Florida, without a blanket, mattress or bed and with only a "suicide shroud," did not violate the Eighth Amendment).

### (b).  <u>The Food Restriction</u>

Plaintiff also alleges that he was denied food by an unknown person. Doc. 12 at 5. But Plaintiff does not allege:

- the duration of the denial of food;

- the extent of the denial of food; and

- any adverse consequences that Plaintiff suffered from the denial of food.

Although a prisoner is entitled to reasonably adequate food, "a prison does not violate the Eighth Amendment by feeding a prisoner minimal amount of food for a limited number of days." *Hernandez v. Fla. Dep't of Corr.*, 281 F. App'x 862, 865 (11th Cir. 2008) (citing *Novak v. Beto*, 53 F.2d 661, 665, 668 (5th Cir. 1971)). For example, the Eleventh Circuit noted that a prisoner's confinement in a strip cell for 10 days in October where he was not given any food for 24 hours "d[id] not rise to the level of cruel and unusual deprivations." *Turner v. Warden, GDCP*, 650 F. App'x 695, 701–02 (11th Cir. 2016). Plaintiff's allegation that he was "denied food" by some unidentified individual over some unknown

period of time "stops short of the line between possibility and plausibility." *Twombly*, 550 U.S. at 558.

The undersigned afforded Plaintiff an opportunity to amend his complaint to include facts that would allow the District Court to plausibly infer Plaintiff endured sufficiently deleterious conditions. But Plaintiff failed to make such allegations.

### 2.    *Failure to Allege Deliberate Indifference*

Plaintiff's condition-of-confinement claim fails for a second independent reason: Plaintiff's allegations fail to satisfy the subjective element.

As for the subjective element, a plaintiff must allege that the defendants acted "'with a sufficiently culpable state of mind' with respect to the condition at issue"—that is, deliberate indifference. *Chandler*, 379 F.3d at 1289 (citing *Hudson*, 503 U.S. at 8). To satisfy the deliberate-indifference element, a plaintiff must allege that the defendant "was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff." *Wade v. McDade*, 106 F.4th 1251, 1262 (11th Cir. 2024) (quoting *Farmer v. Brennan*, 511 U.S. 825, 839 (1970)). That is, a plaintiff must allege "that the defendant acted with

'subjective recklessness'" and "the defendant actually knew that his conduct—his own acts or omissions—put the plaintiff at substantial risk of serious harm." *Id.* at 1253.

Here, Plaintiff simply alleges "[o]n May 30, 2025, at 8:30 am Michael Davis was put on property restriction ("property"), no blue uniforms, no socks. Only boxer in a 60 degrees AC unit, and without food (air tray)."

Despite detailed instructions from the undersigned—not to mention the instructions found on the complaint form—Plaintiff failed to allege that *any* of the named Defendants were responsible for denying Plaintiff clothing and food.

But even if the District Court were to assume that every Defendant denied Plaintiff food and clothing, Plaintiff failed to allege that this posed a substantial risk of serious harm to Plaintiff.

For this reason, too, Plaintiff fails to state an Eighth-Amendment conditions-of-confinement claim.

CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1.   **DISMISS** this civil action pursuant to 28 U.S.C. §§ 1915A and 1915; and

2.   **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida on this 17th day of March 2026.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

**NOTICE TO THE PARTIES**

**The District Court referred this case to a magistrate judge to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**